## MALEY, Plaintiff-Appellee, v. WYOMING (Village), Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 7347. Decided February 20, 1951.

Fred W. Murphy, Cincinnati, for plaintiff-appellee.
Robert G. McIntosh, Cincinnati, for defendant-appellant.

**OPINION**

By THE COURT:

Plaintiff recovered a verdict and judgment for damages for personal injuries suffered in a fall she received in stepping off the sidewalk onto the metal cover of a catch basin maintained by the defendant in the space between the curb and the sidewalk of its public street. The appeal is on questions of law.

No claim of original structural defect amounting to an absolute nuisance is made, but rather plaintiff seems to proceed upon the theory of qualified nuisance dependent upon the negligence of the defendant in permitting the cover to remain out of position, so that it would tip when stepped upon, thereby creating a potentially dangerous and unreasonable risk of harm, which in due course injured the plaintiff.

The duty resting upon the municipality arises by virtue of §3714 GC, and in City of Cleveland v. Amato, 123 Oh St, 575. In paragraph 1 of the syllabus it was stated to be:

"The duty imposed upon municipalities by the provisions of §3714 G C, is the exercise of ordinary care to keep its streets, sidewalks, and other public ways open, in repair and free from nuisance. Liability for damages for failure to perform such duty cannot arise except upon proof either that its agents or officers actually created the faulty condition from which the injury resulted, or that it had notice thereof, actual or constructive."

And, at page 577, the Court said:

"Liability of a municipality arises only upon proof that its agents or officers actively created the faulty condition, or that it was otherwise caused and the municipality had actual or constructive notice of its existence."

The evidence discloses that the metal cover when properly in place was seated on a metal collar, and was fitted on the underside with a lug designed to be inserted in a slot in the collar and turned under a phlange thereon, locking it in place. When thus seated, it would not tip when weight was applied to the surface. When the cover was placed in any other than the locked position, it was capable of being tipped by the application of weight to its surface. It is clear, however, that the cover was not under the exclusive possession and control of the defendant, but exposed to the public generally.

Plaintiff testified it tipped when she stepped upon it, because she heard it bang, and that on arising after having fallen, she put her foot on the cover, and "It moved, it tipped." Another witness testified that another person had fallen

in the man hole about a week prior to plaintiff's fall. There is no evidence in the record of notice, actual or constructive, to the defendant that the catch basin cover was not in a locked position, as it was designed to be.

On the contrary, the record shows affirmatively that no notice was given to the defendant until after plaintiff's fall.

In **Taylor v. City of Cincinnati, 143 Oh St, 426,** it is stated in the 4th and 5th paragraphs of the syllabus that:—

"Sec. 3714 GC, requiring a municipality to keep its streets open, in repair and free from nuisance, does not enjoin upon municipalities a specific legal requirement, but provides a general rule of conduct and makes negligence the basis of liability for its violation, unless an absolute nuisance is proven to exist.

"The duty resting upon municipal corporations, under §3714 GC, to keep their streets and other public ways open, in repair and free from nuisance, requires only reasonable care and vigilance, in view of all the surroundings, to keep such streets and ways in a reasonably safe condition for travel in the usual and ordinary modes, and does not exact that which is unreasonable or impracticable. Municipal corporations are not insurers of the safety of their public ways, and are liable only for negligence in creating a faulty condition in such ways, or in failing to repair, remove or guard against defects or obstructions therein, after actual or constructive notice of their existence. The standard of care required to be exercised by municipal authorities in keeping streets in repair and free from nuisance is that care which persons of reasonable and ordinary prudence exercise under like circumstances and conditions. (**City of Cleveland v. Amato, 123 Oh St, 575,** approved and followed.)

See, also: **Wall, Jr., v. City of Cincinnati, 150 Oh St, 411.**

Since no proof of notice, either actual or constructive, to the Village, necessary to liability based on negligence, appears in the record, the judgment will be reversed, and final judgment entered in this Court for the defendant-appellant.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur.